**FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate Capacity, Plaintiff,**

**and**

**Federal Deposit Insurance Corporation, as Receiver for American Bank & Trust Company, Counter–Defendant,**

**v.**

**Calvin S. CAGE, Geraldine C. Inman, Defendants/Counter–Claimants/Cross–Claimants,**

**and**

**Ann P. Wilkerson, Executrix of the Estate of James E. Wilkerson, Jr., Defendant/Cross–Defendant.**

**Civ. A. No. 5:90CV–0073(B).**

United States District Court, S.D. Mississippi, W.D.

Jan. 12, 1993.

Edwin Y. Hannan, J. Fred Spencer, Jr., Watkins & Eager, Jackson, MS, for plaintiff.

Dennis Horn, Horne & Payne, Jackson, MS, for defendants Cage and Inman.

Lucien C. Gwin, Jr., Gwin Lewis Punches & Hudson, Natchez, MS, for defendant Wilkerson.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court upon the Supplemental Motion for Summary Judgment of Plaintiff and upon Defendants' Motion for Reconsideration. The Court has considered the motions and responses and finds that Plaintiff's motion should be granted and Defendants' motion should be denied.

### I. Background

On November 4, 1992, the Court entered a Memorandum Opinion and Order in this matter finding that Plaintiff Federal Deposit Insurance Corporation ("FDIC") is entitled to recover from Defendants the unpaid principal, interest and attorney's fees due under a note entered into by Defendants with American Bank and Trust ("AmBank") which Plaintiff now holds as a result of the failure of AmBank. In that Order, the Court determined the remaining principal due under the note and the amount of attorney's fees due under the note as of January 4, 1991.[1] Because the interest rate charged under the note was set "at a rate which shall be One and One Half (1½%) percent above the prevailing commercial prime rate of AmBank," the failure of AmBank and resulting absence of a governing body to set the prime rate of AmBank left the Court with inadequate information upon which to determine the appropriate interest rate to be applied to principal remaining unpaid after January 4, 1991. Accordingly, the Court ordered that either the parties reach an agreement regarding the appropriate interest rate or Plaintiff supplement its Motion for Summary Judgment with information that would enable the Court to compute the amount of interest due since January 4, 1991.

Pursuant to the Order of this Court and because the parties were unable to reach an agreement concerning the appropriate interest rate, Plaintiff has submitted its Supplemental Motion for Summary Judgment. In this motion, Plaintiff submits the affidavit of Jimmie Cook, an FDIC Liquidation Assistant. Cook states that it is the policy and practice of the FDIC to use the New York prime rate as the rate of a failed institution in those situations where the rate of interest is tied to the prime rate of the failed institution. In his affidavit, Cook sets forth as follows an interest rate schedule based on New York prime plus the one and one-half percent (1½%) premium set forth in the note in question:

- a. 1/5/91 through 2/3/91—11%
- b. 2/4/91 through 4/30/91—10.5%
- c. 5/1/91 through 9/12/91—10%
- d. 9/13/91 through 11/5/91—9.5%
- e. 11/6/91 through 12/22/91—9%
- f. 12/23/91 through 7/1/92—8%
- g. 7/2/92 through the present—7.5%

Cook further sets forth that interest has accrued on the unpaid principal balance of $134,702.39 since January 4, 1991, at those rates through November 20, 1992, in the amount of $22,537.86 and that interest has continued to accrue at the rate of $27.68 per day since November 20, 1992. According to these figures, the total amount of accrued interest to the date of this opinion is $24,004.80. Plaintiff argues that the Court should apply these proposed interest rates when determining interest due under the note.

Defendants Calvin S. Cage and Geraldine C. Inman do not contest the accuracy of the rates or resulting total of interest accrued set forth by Plaintiff; but, instead, argue that because AmBank is now defunct, it is impossible to calculate interest under the note, thus making the note non-negotiable and entitling Defendants Cage and Inman to a trial on the substantive defenses proffered by them in response to Plaintiff's Motion for Summary Judgment. In addition to this response, Defendants Cage and Inman request that this Court reconsider its holding that the note in question is negotiable and assert that the Court misinterpreted Mississippi law in making its pre-

---

1. January 4, 1991, was the date certain life insurance proceeds which resulted from the death of James C. Wilkerson, Jr. were paid and applied first to accrued interest and then to principal. There is no dispute as to interest before January 4, 1991. That accrued interest was $39,995.19 and the Court computed attorney's fees on that amount.

vious ruling. Defendant Ann P. Wilkerson adopts both the response of Defendants Cage and Inman to Plaintiff's Supplemental Motion for Summary Judgment and their Motion for Reconsideration.[2]

## II. Analysis

### 1. Proper Interest Rate

■ The question presented to this Court is whether the defunct status of AmBank precludes calculation of an appropriate rate of contractual interest on the Defendants' promissory note and thereby destroys the negotiability of the note. Defendants base their claim that interest on the note is uncollectible on the fact that the note specifically states that interest will be calculated according to the prime rate of AmBank. Defendants argue that there is no legal authority supporting substitution of the New York prime rate for the prime rate of AmBank, but Defendants cite no authority establishing that the use of the New York prime rate would be unreasonable in this case.

Plaintiff has presented the Court with two federal district court decisions which find that where the interest rate on a note is determined by reference to the prime rate of a failed institution it is reasonable to compute interest based on an alternative prime rate selected by FDIC. *FDIC v. Condo Group Apartments,* 812 F.Supp. 694 (N.D.Tex.1992); *FDIC v. Rogers Park I,* No. CIV–87–1716–T 1990 WL 482141 (W.D.Okla. April 11, 1990). The district court in *Rogers Park I* relied on the Restatement (Second) of Contracts, Section 204, which provides:

> When the parties to a bargain sufficiently defined to be a contract have not agreed with respect to a term which is essential to a determination of their rights and duties, a term which is reasonable in the circumstances is supplied by the Court.

This Court agrees with these decisions. Obviously, a bank cannot be expected to provide in its notes for interest rates to be applied in the event the bank fails. It would be unreasonable to find that the obligors under a note would escape all interest in a circumstance such as this. Because the rate of interest is a term which is essential to a determination of the rights and duties of the parties and because the parties to this action understandably failed to specify the interest rate to be applied upon the failure of AmBank, it is left to the Court to determine a reasonable rate of interest. The Court finds that substitution of the commonly used New York prime rate is reasonable under the circumstances of this case. Accordingly, the Court shall calculate the interest due since January 4, 1991, based on the New York prime rates submitted by Plaintiff.

### 2. Motion for Reconsideration

■ In *Atkins v. Marathon LeTourneau Co.,* 130 F.R.D. 625, 626 (S.D.Miss. 1990), this Court stated that "for purposes of clarification that it, as have other courts in the context of Rule 59(e) motions, recognizes three possible grounds for any motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." Defendants do not present any changes in controlling law nor do they establish the availability of evidence not previously available. While Defendants contend that the Court misinterpreted Mississippi law concerning negotiable instruments, Defendants' motion merely expresses disagreement with the findings of the Court and fails to demonstrate a "clear error of law" or "manifest injustice." Accordingly, Defendants' Motion to Reconsider is not well taken.

## III. Conclusion

In conclusion, Plaintiff is entitled to a final judgment against Cage, Inman and

---

**2.** In her original Response to Plaintiff's Motion for Summary Judgment, Defendant Wilkerson expressly admitted that she was liable for unpaid principal, interest and attorney's fees under the terms of the note. While Wilkerson is not thereby precluded from contesting the adoption of the New York prime in this case, she may not now join Defendants Cage and Inman in arguing that there is no basis for recovery of principal, interest or attorney's fees.

Wilkerson, jointly and severally, in the following amounts:

| | |
|---|---:|
| Remaining Principal | $134,702.39 |
| 25% contractual attorney's fees on $350,000, being principal due when the suit on the note was filed [3] | 87,500.00 |
| 25% contractual attorney's fees on $39,995.19 accrued interest as of January 4, 1991, when life insurance proceeds applied [4] | 9,998.79 |
| Interest on $134,702.39 from January 4, 1991, to date of judgment (calculated using the New York prime rate) | 24,004.80 |
| 25% contractual attorney's fees on interest from January 4, 1991 | 6,001.20 |
| Total | $262,207.18 |

IT IS HEREBY ORDERED that the Supplemental Motion for Summary Judgment of Plaintiff FDIC is granted.

IT IS FURTHER ORDERED that Defendants' Motion for Reconsideration is denied.

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a final judgment consistent with this order shall be entered this day.

SO ORDERED.

---

**3.** Suit was filed before January 4, 1991, when insurance proceeds were applied to the note.

**4.** The Memorandum Opinion and Order of November 4, 1992, contained a typographical error and an omission and incorrectly stated: "25% contractual attorney's fees of $39,995.19 accrued as of...."