Pamela J. TORRE, and Pamela J. Torre
as guardian and next friend of
Trisha B. Torre, Plaintiffs,

v.

FEDERATED MUTUAL INSURANCE
COMPANY, Federated Mutual Insur-
ance Company Medical Plan # 501;
John Cummings, Medical Plan # 501 Ad-
ministrator; William Haegele, a/k/a Bill
Haegele, Regional Manager; Thomas
Lauritzen, a/k/a Tom Lauritzen, Feder-
ated Mutual Insurance Company Dis-
trict Manager; John Cummings, Individ-
ually; William Haegele, a/k/a Bill Hae-
gele, individually; Thomas Lauritzen,
a/k/a Tom Lauritzen, individually, De-
fendants.

Civ. A. No. 91–4235–DES.

United States District Court,
D. Kansas.

Nov. 17, 1995.

Cheryl D. Myers, Michael B. Myers, Myers & Myers, Topeka, KS, for plaintiffs.

Arthur E. Palmer, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, R. Scott Davies, Minneapolis, MN, for defendants.

### *MEMORANDUM AND ORDER*

SAFFELS, District Judge.

This matter is before the court on plaintiffs' Motion to Alter and Amend Pursuant to Federal Rules of Civil Procedure 52 and 59 (Doc. 312) and plaintiffs' Motion to Alter and Amend the Judgment Upon the Jury Verdict to the Extent It Does Not Provide for Prejudgment Interest (Doc. 314). Defendants have filed a response (Doc. 316). Having reviewed the pleadings, the record and the relevant law, the court is now prepared to rule.

## I. INTRODUCTION

Pamela Torre brought the instant action alleging the following: (1) sex discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) various violations of the Employee Retirement Income Security Act of 1974 ("ERISA"); (3) discrimination in violation of Minnesota Statutes Chapter 62A; (4) breach of employment contract; (5) intentional infliction of emotional distress; and (6) tortious interference with prospective business advantage. The parties moved for summary judgment and the court issued a Memorandum and Order filed on May 31, 1994, denying plaintiffs' motion and granting in part and denying in part defendants' motion. More specifically, the court granted defendants' motion as to Mrs. Torre's Minnesota Statutes Chapter 62A, tortious infliction, and tortious interference claims; and the court granted in part and denied in part defendants' motion as to Mrs. Torre's Title VII, ERISA, and breach of contract claims. Plaintiffs moved for reconsideration. The court denied their motion in a Memorandum and Order filed August 4, 1994. The parties tried Mrs. Torre's contract claims to a jury which, on October 4, 1994, returned a verdict in favor of plaintiffs in the amount of $320,-000: $120,000 for past loss; and $200,000 for future loss.

The remaining claims were tried to the court. On August 4, 1995, the court entered judgment for defendants and against plaintiffs on all remaining counts. On August 18, 1995, plaintiffs filed their timely post-trial motions to alter or amend. Defendants responded in a timely fashion on August 31, 1995.

## II. STANDARD OF REVIEW

A motion for reconsideration provides the court with an opportunity to correct "manifest errors of law or fact and to review newly discovered evidence." *Dees v. Wilson*, 796 F.Supp. 474, 475 (D.Kan.1992), *aff'd* 13 F.3d 405 (1993). A court has discretion

whether to grant or deny a motion for reconsideration. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988). There are three circumstances in which a court may appropriately grant a motion for reconsideration: (1) where the court made a manifest error of fact or law; (2) where there is newly discovered evidence; and (3) where there has been a change in the law. *Renfro v. City of Emporia, Kan.*, 732 F.Supp. 1116, 1117 (D.Kan.), *aff'd*, 948 F.2d 1529 (10th Cir. 1991).

■ A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments previously considered and rejected. *National Metal Finishing Co., Inc. v. Barclaysamerican/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir.1990); *In re Oil Spill by "Amoco Cadiz" Off the Coast of France on March 16, 1978*, 794 F.Supp. 261, 267 (N.D.Ill.1992), *aff'd* 4 F.3d 997 (7th Cir. 1993). Indeed, "[a] party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend." *Paramount Pictures Corp. v. Video Broadcasting Sys., Inc.*, No. 89–1412–C, 1989 WL 159369, at *1 (D.Kan. Dec. 15, 1989) (citing *United States v. Carolina Eastern Chem. Co., Inc.*, 639 F.Supp. 1420, 1423 (D.S.C.1986)).

## III. DISCUSSION

At the outset, the court reiterates the well-known truth that to grant or deny a motion for reconsideration is left to the sound discretion of the trial court. *Hancock*, 857 F.2d at 1395. Furthermore, it is apparent that the plaintiffs have no legitimate argument that any newly discovered evidence exists in this case or that any applicable change in the law has occurred. Plaintiffs' only possible claim is that this court made a manifest error of law or fact. *Renfro*, 732 F.Supp. at 1117. The court finds that the plaintiffs have presented no evidence to show that the court has made any such error. Consequently, and for the following reasons, the court declines to disturb its prior order and denies plaintiffs' Motion to Alter or Amend the Jury Verdict as it relates to Prejudgment Interest and plaintiffs' Motion to Alter or Amend

Pursuant to the Federal Rules of Civil Procedure 52 and 59.

### A. Motion to Alter or Amend the Jury Verdict

■ Plaintiffs claim they are entitled to prejudgment interest from the date of the jury verdict, October 4, 1994, to the date this court entered judgment on the remaining claims, August 4, 1995. In support of their argument, the plaintiffs cite *Comeau v. Rupp*, 810 F.Supp. 1172 (D.Kan.1992).

The defendants respond that the award of prejudgment interest is not applicable in this case because until this court entered its judgment on August 4, 1995, the sum due and owing, to plaintiffs was not a liquidated sum according to Kansas law.

First, the court in *Rupp* was considering whether to award prejudgment interest pursuant to a federal statute and is inapplicable to a case such as the one at bar which is based on a state law breach of contract claim. Plaintiffs' argument that the awarding of prejudgment interest should be granted because of the holding in *Rupp*, is unwarranted.

■ In Kansas, pursuant to K.S.A. 16–201, a prejudgment award must relate to a liquidated claim. A claim is liquidated when the amount due and the date due are fixed and certain or both are definitely ascertainable by a mathematical computation. *Green Const. Co. v. Kansas Power and Light Co.*, 1 F.3d 1005, 1010 (10th Cir.1993). In this case, the sum was in dispute until the court entered judgment on the jury verdict on August 4, 1995. There was no fixed date until that time, consequently the sum was not liquidated for prejudgment purposes. The court finds that plaintiffs' motion to alter or amend as it relates to awarding prejudgment interest is denied.

### B. Motion To Alter or Amend Pursuant to Rule 52 and 59

■ Plaintiffs rightly note that a motion to alter or amend the judgment must specify the ground on which it is based. The thrust of plaintiffs' motion to alter or amend is that the court has misunderstood the plaintiffs' position, the facts and the law. According to

plaintiffs, the court missed every step in this case. Apparently, plaintiffs believe this total lack of comprehension by the court constitutes a statement of specific grounds for reversal. While not sharing this view, the court will attempt to address plaintiffs' general complaints.

 1. Plaintiffs first complain that this court did not properly apply the test articulated in *Brown v. Blue Cross & Blue Shield of Alabama*, 898 F.2d 1556 (11th Cir.1990), *cert. denied* 498 U.S. 1040, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991). In its Memorandum and Order, pp. 56–71, the court carefully analyzed the *Brown* test and properly applied it to the facts of this case. That plaintiffs disagree with the court's findings of fact does not demonstrate a clear error or manifest injustice. *F.D.I.C. v. Cage*, 810 F.Supp. 745 (D.C.Miss.1993).

Plaintiffs also continue to make arguments they have brought before this court on numerous occasions. This rehash of arguments which have been previously considered and rejected by the court is not a proper function of a motion to alter or amend and the court will not address those issues. *National Metal Finishing Company, Inc. v. Barclaysamerican/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir.1990).

Plaintiffs have wholly failed to show any clear error or manifest injustice.

2. Plaintiffs' second assignment of error is there was direct "smoking gun" evidence of defendants' discriminatory motivation as it relates to plaintiffs' ERISA claims which the court ignored and, according to plaintiffs reasoned away in "tortured" fashion. Specifically, the plaintiffs contend, once again, the June 18, 1991, letter written by Debra Remine is "a clear indication that career assessment remains open to her only if her attorneys back off in asserting her ERISA and discrimination claims."

Having reviewed the letter, yet one more time, the court concludes that plaintiffs' claims are at best tenuous, at worst fanciful. The court is not inclined to disturb its prior ruling in this matter.

## IV. CONCLUSION

The granting of a motion to alter or amend is an extraordinary remedy which is used sparingly in order to further the strong public policy interest in finalizing litigation and conserving judicial resources. *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F.Supp. 522, 524 (D.C.Pa.1992). In this case, the court, after careful review, is led to the explicable conclusion that plaintiffs have presented no error or manifest injustice. Plaintiffs have had ample opportunity to present their best case to this court. This having been done, the court finds that plaintiffs' motion to alter or amend as it relates to prejudgment interest must be denied. Likewise plaintiffs' motion to alter or amend pursuant to Rules 52 and 59 are also denied.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiffs' Motion to Alter And Amend Pursuant to Federal Rules of Civil Procedure 52 and 59 (Doc. 312) is denied.

**IT IS FURTHER ORDERED** that plaintiffs' Motion to Alter and Amend the Judgment Upon the Jury Verdict to the Extent It Does Not Provide for Prejudgment Interest (Doc. 314) is denied.