**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PAMELA J. TORRE, individually and PAMELA
J. TORRE, as natural guardian and next friend of
TRISHA B. TORRE,

     Plaintiffs-Appellants and Cross-Appellees,

v.

FEDERATED MUTUAL INSURANCE
COMPANY, Federated Mutual Insurance
Company Medical Plan #501

     Defendant-Appellee and Cross-Appellant,

and

JOHN CUMMINGS, individually and as Medical
Plan #501 Administrator; WILLIAM HAEGELE,
individually and as Regional Manager, a/k/a Bill
Haegele; THOMAS LAURITZEN, individually
and as Federated Mutual Insurance Company
District Manager, a/k/a Tom Lauritzen,

     Defendants-Appellees.

Nos. 95-3411 &
96-3010
(D.C. No. 91-CV-4235)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

    [*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Michael B. Myers (Cheryl D. Myers with him on the briefs) of Myers & Myers, Topeka, Kansas, for Plaintiffs-Appellants and Cross-Appellees.

R. Scott Davies (Michael Thomas Miller with him on the briefs) of Briggs andMorgan, Minneapolis, Minnesota, for Defendants-Appellees and Cross-Appellant.

---

Before **BRORBY, HOLLOWAY** and **EBEL**, Circuit Judges.

---

Ms. Pamela Torre brought this action against Federated Mutual Insurance Company ("Federated") alleging, *inter alia*, (1) breach of employment contract; (2) sex discrimination and retaliatory acts in violation of Title VII of the Civil Rights Act of 1964; and (3) violations of the Employee Retirement Income Security Act of 1974.[1]  The district court issued partial summary judgment against Ms. Torre on all three claims.  *Torre v. Federated Mut. Ins. Co.*, 854 F. Supp. 790, 834 (D. Kan. 1994) (*Torre I*).  The court then bifurcated the action for trial. *Id.*  The parties tried Ms. Torre's breach of contract claim to a jury, which returned a $320,000 verdict for Ms. Torre on October 4, 1994.  The parties then

---

[1] Ms. Torre also alleged discrimination in violation of Minnesota law, intentional infliction of emotional distress, and tortious interference with prospective business advantage. *Torre II*, 897 F. Supp. at 1339.  The district court entered summary judgment against Ms. Torre on those claims. *See Torre I*, 854 F. Supp. at 834.  In the "Statement of the Issues" of her appellate brief, Ms. Torre claims this was error.  However, because Ms. Torre presents no arguments within her brief in support of this contention, we decline to review this claim. *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (perfunctory complaints that fail to frame and develop an issue are insufficient to invoke appellate review).

tried Ms. Torre's remaining Title VII and Employee Retirement Income Security Act claims to the court, which found for Federated on August 4, 1995. *Torre v. Federated Mut. Ins. Co.*, 897 F. Supp. 1332, 1380 (D. Kan. 1995) (*Torre II*).

Ms. Torre now appeals the district court's entry of partial summary judgment on her claims, and its final judgment against her on the remainder of her Title VII and Employee Retirement Income Security Act claims. *See Torre I*, 854 F. Supp. at 834; *Torre II*, 897 F. Supp. at 1380. Ms. Torre also appeals the district court's refusal to grant her interest on the jury award for the ten months between the date of the jury verdict and when the district court entered its final judgment on August 4, 1995. *See Torre v. Federated Mut. Ins. Co.*, 906 F. Supp. 616 (D. Kan. 1995) (*Torre V*). Federated cross-appeals the district court's failure to enter judgment as a matter of law in Federated's favor on Ms. Torre's breach of contract claim. *See Torre v. Federated Mut. Ins. Co.*, 897 F. Supp. 1327 (D. Kan. 1995) (*Torre III*). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 (1994).

The district court, in its ruling on Ms. Torre's Title VII and Employee Retirement Income Security Act claims, engaged in a lengthy and thorough review of the facts of this case. *See Torre II*, 897 F. Supp. at 1340-59 ¶¶ 1-130. Here, we provide only a greatly abbreviated factual recital, stating only those facts that

provide helpful background to our legal analysis. We refer readers seeking further detail to the district court opinion.

Federated hired Ms. Torre on February 10, 1988, as a "Marketing Representative," *i.e.*, an insurance salesperson. *Torre II*, 897 F. Supp. at 1340 ¶¶ 1,7. Ms. Torre's employment contract assigned her the right to market Federated's insurance products throughout, *inter alia*, all of Shawnee County, Kansas. *Torre III*, 897 F. Supp. at 1329. On April 14, 1988, Federated removed from Ms. Torre's territory assignment that part of Shawnee County outside the city limits of Topeka. *Torre III*, 897 F. Supp. at 1329. In her breach of contract claim, Ms. Torre asserted Federated breached her employment contract by removing that portion of Shawnee County from her territory assignment. *Torre v. Federated Mut. Ins. Co.*, 1994 WL 541773, at *1 (D. Kan. 1994) (*Torre IV*).

As a Federated employee, Ms. Torre received coverage under Federated's Medical Plan #510, an "employee welfare benefit plan" within the scope of the Employee Retirement Income Security Act. *Torre II*, 897 F. Supp. at 1340-41 ¶¶ 2, 11. The plan has individual lifetime maximum coverage limits of

$1,000,000 for medical benefits and $50,000 for mental/nervous benefits.[2] *Id.* at 1341 ¶ 11. Ms. Torre's daughter, Trisha Torre, was also covered under the plan. *Id.* at 1341 ¶¶ 8, 11. Trisha suffered from congenital health problems that resulted in, *inter alia*, behavioral, emotional and developmental language problems. *Torre I*, 854 F. Supp. at 799. Since late 1989, Trisha has received a great deal of health care for these problems. *See Torre II*, 897 F. Supp. at 1341-51. Ms. Torre and Federated have engaged in a long-term dispute over the extent and type of Trisha's benefits under Federated's medical plan. *See id.* This dispute underlies Ms. Torre's Employee Retirement Income Security Act claims.

As a Marketing Representative, Ms. Torre initially worked under Steve Rohr, a "District Marketing Manager," and his superior, Bill Haegele, a "Regional Marketing Manager." *Id.* at 1340 ¶ 1, 1352 ¶ 84. In December 1989, Mr. Haegele hired Thomas Lauritzen to replace Mr. Rohr. *Id.* at 1352 ¶ 84, 1355 n.29. Beginning as early as March 1989, Mr. Rohr, Mr. Haegele, and, in December, Mr. Lauritzen, discussed with Ms. Torre the possibility of her opening a joint office in Topeka with Mr. Jeff Richardson, another Marketing Representative who also

---

[2] The plan defines "mental illness" (falling under the mental/nervous coverage limits) as "a mental disorder or a functional nervous disorder and *includes psychiatric or psychological treatment of any physical condition*." *Id.* at 1341 n.3 (emphasis added.)

represented Federated in Topeka. *Id.* at 1354 ¶ 98 & n.28. The decision to open the office with Mr. Richardson ultimately was made by Ms. Torre in early 1990. *Id.* at 1378 ¶ 81.

Ms. Torre's superiors thought highly of her ability and productivity, and considered her a successful and promotable employee. *Id.* at 1352-53, 1356-57 ¶¶ 84, 93, 113-14. In October of both 1988 and 1989 and March 1990, after recommendations by Messrs. Rohr and Lauritzen, Mr. Haegele selected Ms. Torre as the regional winner of the "Monthly Leadership Council Award."[3] *Id.* at 1353 ¶ 92, 1355 ¶ 105. In April 1991, upon Mr. Lauritzen's recommendation, Mr. Haegele selected Mr. Richardson for the award rather than Ms. Torre. *Id.* at 1357 ¶ 115.

Ms. Torre also won a "Big Hitter" award in both 1990 and 1991. *Id.* at 1356-57 ¶¶ 110, 117-19. Federated instituted the Big Hitter award in 1990 to award and recognize Marketing Representatives who meet certain sales

---

[3] The Monthly Leadership Council Award is a program Federated designed to recognize the efforts and achievements of Marketing Representatives. *Id.* at 1353 n.26. Each Regional Marketing Manager selects a winner from those Marketing Representatives recommended by the District Marketing Managers in the region. *Id.* Marketing Representatives cannot win the award more than once a year. *Id.*

production goals. *Id.* at 1356 ¶ 109. The award was to be presented to the recipients at the regional annual kickoff meetings, before peers, supervisors, and upper-level management. *Id.* Although Mr. Haegele presented Ms. Torre with her 1990 award at the 1990 kickoff meeting, in 1991 he did not publicly present the award to Ms. Torre. *Id.* at 1356-57 ¶¶ 109-10, 117, 1375 ¶ 68. Mr. Haegele testified he, mistakenly, did not publicly present the 1991 award to Ms. Torre out of personal embarrassment that only one of his Marketing Representatives met the necessary sales criteria. *Id.* at 1357 ¶¶ 117-18, 1375-76 ¶¶ 68-70.

From the commencement of her employment with Federated, Ms. Torre sought to advance her career through promotion.[4] *See id.* at 1352 ¶ 82, 1353 ¶¶ 91, 94, 1356 ¶¶ 112-13. In Federated's promotion system, persons considered for promotion must undergo a formal career assessment as a prerequisite for promotion. *Id.* at 1352 ¶ 86. Although Ms. Torre informed a number of her superiors of her interest in promotion, through May 1991 Federated had not given Ms. Torre a career assessment. *See id.* at 1352-53, 1356 ¶¶ 82, 91, 94, 112-13. On May 23, 1991, Ms. Torre filed sex discrimination complaints with both the Kansas Commission on Civil Rights and the Equal Employment Opportunity

---

[4] She also inquired about being transfered to Atlanta, Georgia, or Phoenix, Arizona. *Id.* at 1355-56 ¶¶ 99, 112. Ms. Torre did not receive a transfer.

Commission. *Id.* at 1357 ¶ 116. In response, Federated's corporate counsel, Debra ReMine, sent a letter to the Kansas Commission on Civil Rights replying to Ms. Torre's complaint. *Id.* at ¶ 120. In that letter Ms. ReMine stated Ms. Torre remained "in line for a career assessment" and discussed why Federated had not yet offered Ms. Torre one. *Id.* at 1357 ¶ 120. Ms. Torre never received a career assessment, and was never promoted.

We begin our analysis by first addressing Ms. Torre's contention the district court erred in entering partial summary judgment against her on her Title VII and Employee Retirement Income Security Act claims. In her opening brief, Ms. Torre fails to develop this argument, stating only that the controverted claims "should have gone to trial because they involved disputed issues of material fact." She does not elaborate on the alleged disputed issues of material fact. In her reply brief Ms. Torre refers us to pleadings she filed with the district court "as proper support" for her contention the district court's grant of partial summary judgment was erroneous. Ms. Torre's cursory raising of this issue and her reference to pleadings filed with the district court are insufficient to preserve the issue for appellate review. *See United States v. Kunzman*, 54 F.3d 1522, 1534 (10th Cir. 1995) (appellant must present reasoned arguments addressing grounds for appeal); *Murrell*, 43 F.3d at 1389 n.2 (perfunctory complaints that fail to

frame and develop an issue are insufficient to invoke appellate review); *Hunter v. Allis-Chalmers Corp.*, 797 F.2d 1417, 1430 (7th Cir. 1986) (claims are not "preserved by references to documents filed in the district court"). Accordingly, we decline to address the merits of this claim.

We next consider Ms. Torre's assertion the district court erred in ruling against her on her remaining Title VII and Employee Retirement Income Security Act claims. Initially, we discuss her Employee Retirement Income Security Act claims. Ms. Torre asserts both a claim for benefits under 29 U.S.C. § 1132(a)(1)(B) (1994) and a discrimination claim under 29 U.S.C. § 1140 (1994). We then consider Ms. Torre's Title VII claims, which also are twofold: retaliation and sex discrimination through disparate treatment.

Ms. Torre engages in a two-pronged attack on the district court's holding regarding her claim for benefits under 29 U.S.C. § 1132(a)(1)(B). First, she asserts the district court applied an incorrect legal standard in reviewing Federated's benefit decisions. Second, she claims the court's ultimate finding Federated did not violate § 1132 was erroneous.

We begin our analysis by briefly discussing both the standard of review

applicable to the district court's review of Federated's benefit decisions and the standard of review applicable to our own review of the district court's ultimate conclusions. Because Federated's medical plan grants Federated, as the plan administrator, discretion to determine eligibility for benefits under the plan, *Torre I*, 854 F. Supp. at 813, Federated's benefits decisions must be upheld unless arbitrary and capricious. *Chambers v. Family Health Plan Corp.*, 100 F.3d 818, 825 & n.1 (10th Cir. 1996) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). A district court's holding that a plan administrator's benefit decision was not arbitrary and capricious is a legal conclusion. *Sandoval v. Aetna Life & Cas. Ins. Co.*, 967 F.2d 377, 380 (10th Cir. 1992). Accordingly, "our review of the district court decision, although not the underlying administrator's decision, is plenary." *Id.*; *see also Chambers*, 100 F.3d at 827 (review of a trial court's application of the arbitrary and capricious standard is *de novo*). However, we give due deference to the district court's credibility determinations. *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1492 (10th Cir. 1994).

Ms. Torre asserts the district court erred by failing to apply heightened scrutiny to Federated's benefit decisions because Federated operated under a conflict of interest. Ms. Torre is correct that a conflict of interest on the part of a

plan administrator with discretionary authority "triggers a less deferential standard of review." *Chambers*, 100 F.3d at 825. In *Chambers* we held courts reviewing decisions of conflicted plan administrators should still apply an arbitrary and capricious standard, but should "decrease the level of deference given to the ... administrator's decision in proportion to the seriousness of the conflict." *Id.* We found the arbitrary and capricious standard to be a flexible one, and applied a "sliding scale" approach wherein any conflict of interest is simply "weighed as a facto[r]" in reaching the ultimate determination of whether the administrator's decision was arbitrary and capricious. *Id.* at 825 (quoting *Firestone*, 489 U.S. at 115) Concomitantly, we rejected as unduly strict the "presumptively void" test used by some circuits, wherein "a decision rendered by a conflicted plan administrator is presumed to be arbitrary and capricious unless the administrator can demonstrate that either (1) under *de novo* review, the result reached was nevertheless 'right' or (2) the decision was not made to serve the administrator's conflicting interest." *Id.* at 826; *see also Brown v. Blue Cross & Blue Shield*, 898 F.2d 1556, 1566-67 (11th Cir. 1990) (detailing and applying that test), *cert. denied*, 498 U.S. 1040 (1991). The rejected presumptively void test thus shifts the burden of proving its decision was not arbitrary and capricious to the conflicted plan administrator. *See Chambers*, 100 F.3d at 826 (quoting *Brown*, 898 F.2d at 1566-67).

In the instant case, the district court found "Federated's dual role as Plan ... Administrator and issuing insurance company create[d] a strong conflict of interest." *Torre I*, 854 F. Supp. at 815. Accordingly, contrary to Ms. Torre's assertion, the district court clearly applied a heightened level of scrutiny in determining whether Federated's benefit decisions were arbitrary and capricious. *See Torre II*, 897 F. Supp. at 1361-66 ¶¶ 9-31. In fact, the court applied the presumptively void test we rejected in *Chambers*, rather than the sliding scale approach we espoused in that case. *Chambers*, 100 F.3d at 826.

We do not find the district court's use of the presumptively void test to be reversible error because the district court's use of this test resulted in even less deference to Federated's benefits decisions than would have resulted under a sliding scale analysis. Instead of simply considering the conflict as a factor in deciding whether Federated's decisions were arbitrary and capricious, the district court placed the burden upon Federated to prove its decisions were not tainted by self-interest. *See Torre II*, 897 F. Supp. at 1361-66 ¶¶ 9-31. The district court carefully examined and considered the conflict of interest faced by Federated, and, in holding Federated's benefit decisions were not arbitrary and capricious, found the conflict to have had no impact on Federated's decisions. *Id.* at 1363-65 ¶¶ 19, 25. Accordingly, because the district court carefully considered

Federated's conflict of interest and applied a reduced deference arbitrary and capricious form of review, we will not reverse the district court's benefit decisions on standard of review grounds.

We now address Ms. Torre's substantive claim under 29 U.S.C. § 1132 to recover health benefits allegedly due and owing under the terms of the plan. On appeal, Ms. Torre objects to Federated's classification of some of Trisha's expenses as mental/nervous, rather than medical. She also asserts Federated had a duty to assist with the selection of a residential treatment facility. The district court found the controverted expenses were for psychological treatment and, therefore, Federated's allocation of those expenses to mental/nervous coverage was not arbitrary or capricious under the terms of the plan. *Torre II*, 897 F. Supp. at 1361-64 ¶¶ 11-20. The district court also found, after exhaustive review of the terms of the plan, Ms. Torre had no right or entitlement to assistance from Federated in placing Trisha in a residential treatment facility. *Id.* at 1365-66 ¶¶ 26-31. After engaging in plenary review of the district court's decision, and, in so doing, considering Federated's conflict of interest under the proper "sliding scale" approach, we affirm the district court's conclusion for substantially the reasons stated by that court. *See id.* at 1361-66 ¶¶ 10-20, 26-31.

We next consider Ms. Torre's remaining Employee Retirement Income Security Act claim: her assertion the district court erred in finding Federated did not violate 29 U.S.C. § 1140, which "prohibits discrimination against [beneficiaries] of any employee benefit plan for the purpose of interfering with rights under such plan." *Phelps v. Field Real Estate Co.*, 991 F.2d 645, 646 (10th Cir. 1993). Ms. Torre asserts Federated discriminated against her for filing health claims by (1) refusing to promote or transfer her and (2) through Mr. Lauritzen's forcing her to open a Topeka office with Mr. Richardson. To prevail on her claim, Ms. Torre had to prove Federated discriminated against her with the specific intent to interfere with her employee benefit rights. *See* 29 U.S.C. § 1140; *see also*, *e.g.*, *Phelps*, 991 F.2d at 649; *Gavalik v. Continental Can Co.*, 812 F.2d 834, 851 (3d Cir.), *cert. denied*, 484 U.S. 979 (1987). We review a district court's finding of or against intentional discrimination for clear error. *Sorensen v. City of Aurora*, 984 F.2d 349, 351 (10th Cir. 1993); *see also Zimmerman v. Sloss Equip. Inc.*, 72 F.3d 822, 824-26 (10th Cir. 1995) (district court's § 1140 determination against plaintiff not clearly erroneous, and therefore affirmed).

Initially, Ms. Torre argues the letter written by Ms. ReMine to the Kansas Commission on Civil Rights constituted direct evidence of Federated's intent to

discriminate. After review of the letter, however, we agree with the district court's assessment: the letter is not direct evidence of discriminatory intent. *See Torre II*, 897 F. Supp. at 1367 ¶ 35 & n.43. The letter simply "explains why Mrs. Torre had not yet received a career assessment and indicates that she still 'is' in line for an assessment." *Id.* at 1367 n.43.

Because the district court found Ms. Torre presented no direct evidence of discrimination, in addressing her § 1140 claims the court engaged in the three-step burden-shifting analysis set forth by the Supreme Court in *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-56 (1981), and *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 804 (1973). *See*, *e.g.*, *Humphreys v. Bellaire Corp.*, 966 F.2d 1037, 1043 (6th Cir. 1992) ("When applying [§ 1140] ... it is appropriate to employ a *Burdine*, burden-shifting approach if there is no direct evidence of [discriminatory] motivation."). Under that analysis:

> *First*, the plaintiff has the burden of proving by the preponderance of the evidence a *prima facie* case of discrimination. *Second*, if the plaintiff succeeds in proving the *prima facie* case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the [allegedly discriminatory action]." *Third*, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Burdine*, 450 U.S. at 252-53 (quoting *McDonnell Douglas*, 411 U.S. at 802, 804)

(emphasis added). The *Burdine* analysis provides a "basic 'order of presentation of proof'" to bring the controversy into focus and "assist in marshaling and presenting relevant evidence" at trial. *Elmore v. Capstan, Inc.*, 58 F.3d 525, 530 n.7 (10th Cir. 1995) (quoting *Carey v. United States Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987)); *Sorensen*, 984 F.2d at 352. The ultimate question to be decided by the trier of fact remains whether the plaintiff proved she was the victim of intentional discrimination. *See Elmore*, 58 F.3d at 530; *Sorensen*, 984 F.2d at 352.

On appeal we need not engage in the elaborate burden-shifting procedure followed by the district court. *Elmore*, 58 F.3d at 530; *Sorensen*, 984 F.2d at 352. Rather, once the case has been fully tried, we consider only the ultimate question of whether the plaintiff proved the defendant intentionally discriminated against her. *Sorensen*, 984 F.2d at 352. "The subsidiary steps in the *McDonnell Douglas* proof scheme become irrelevant." *Id.* The district court found Mr. Lauritzen, Ms. Torre's District Marketing Manager in December of 1989, could have had no discriminatory intent when he encouraged Ms. Torre to open a joint office with Mr. Richardson because at that time he was unaware of Ms. Torre's health benefit claims. *Torre II*, 897 F. Supp. at 1367-68 ¶¶ 38-39. In regard to Ms. Torre's claim premised on Federated's failure to promote or transfer her, the district court

found Ms. Torre had failed to meet her initial burden of proving she was at least as qualified as those persons promoted or transferred in her stead, and that therefore her discrimination claim failed. *Id.* at 1369-70 ¶¶ 48-49. We affirm the holding of the district court on this issue for substantially the reasons stated by that court in its final judgment. *See id.* at 1366-70 ¶¶ 32-49.

We now focus our attention on Ms. Torre's remaining Title VII claims, beginning with her assertion the district court erred in holding Federated did not intentionally discriminate against her on the basis of her sex. In addressing this claim, the district court again followed the *Burdine/McDonnell Douglas* burden-shifting approach discussed above, *Torre II*, 897 F. Supp. at 1370-76 ¶¶ 51-73, and here too we need address only the ultimate question of whether Ms. Torre proved Federated intentionally discriminated against her. *See Sorensen*, 984 F.2d at 352. Because that question is a "pure question of fact," again our review is for clear error. *Pitre v. Western Elec. Co.*, 843 F.2d 1262, 1266 (10th Cir. 1988).

On appeal, Ms. Torre asserts Federated intentionally discriminated against her on the basis of her sex by: (1) selecting Jeff Richardson for the April 1991 Leadership Council Award instead of her and (2) not recognizing her as a recipient of the 1991 Big Hitter Award at the Central Region's annual kickoff

meeting. She argues the district court made erroneous findings of fact, which led to its ultimate erroneous conclusion Federated did not intentionally discriminate against her on the basis of her sex. We have reviewed the record and, in light of the district court's detailed findings of fact and resulting conclusions, find her arguments unpersuasive. The district court found Mr. Haegele awarded Mr. Richardson the Leadership Council Award to reward "a specific case of outstanding service to a client," rather than to sexually discriminate against Ms. Torre. *Torre II*, 897 F. Supp. at 1372-73, 1375 ¶¶ 59-60, 66. The court also found Mr. Haegele's failure to publicly present Ms. Torre with the 1991 Big Hitter Award resulted from his personal embarrassment rather than "illegal discriminatory animus." *Id.* at 1372-76 ¶¶ 58-66, 73. We affirm the district court's holding Federated did not intentionally sexually discriminate against Ms. Torre for substantially the reasons stated by that court. *See id.* at 1371-76 ¶¶ 51-73.

Ms. Torre also contends the district court erred in finding Federated did not retaliate against her for informally complaining about alleged sexual discrimination and formally filing charges with the Equal Employment Opportunity Commission and the Kansas Commission on Civil Rights. *See id.* at 1376 ¶¶ 75, 78. Here too, the district court applied the three-step burden-shifting

analysis, *id.* at 1376-80 ¶¶ 74-84, whereas we simply review for clear error its ultimate finding Federated did not retaliate against Ms. Torre for protected activity. *Sorensen*, 984 F.2d at 352; *Purrington v. University of Utah*, 996 F.2d 1025, 1031 (10th Cir. 1993).

On appeal, Ms. Torre posits five bases for her retaliation claim, claiming Federated retaliated against her by (1) failing to promote or transfer her; (2) forcing her to open a Topeka office; (3) providing her with unfavorable price quotes; (4) failing to give her the Leadership Council Award in April 1991; and (5) failing to publicly recognize her as a recipient of the 1991 Big Hitter Award at the Central Region's annual kickoff meeting.[5] The district court found Ms. Torre either failed to make even a *prima facie* case the controverted actions were motivated by illegal retaliatory animus, or failed to show Federated's legitimate, nondiscriminatory reasons for the controverted actions were pretextual. *Torre II*,

---

[5] Ms. Torre also asserts "the district court erred by failing to deal with Torre's claim of retaliation with respect to her complaints of pervasive sexual bias." We note the district court did examine Ms. Torre's complaints of pervasive sexual bias, albeit in the context of its consideration of her sex discrimination claim rather than her retaliation claim. *See Torre II*, 897 F. Supp. at 1374-75 & n.49. At any rate, Ms. Torre utterly fails to explain how the alleged "pervasive sexual bias" was retaliatory. Given that failure, she fails to sufficiently present her claim for appellate review. *See Murrell*, 43 F.3d at 1389 n.2 (perfunctory complaints that fail to frame and develop an issue are insufficient to invoke appellate review).

897 F. Supp. at 1376-80 ¶¶ 74-84. After review of the record, we find ourselves in agreement with the district court's analysis and disposition of these claims. Accordingly, we again affirm the district court for substantially the reasons stated in its final judgment. *See id.*

Lastly, Ms. Torre appeals the district court's failure to grant her prejudgment interest on the $320,000 jury award for her breach of contract claim for the ten-month period between the jury verdict on October 4, 1994 and the district court's entry of judgment on August 4, 1995. We review the district court's denial of Ms. Torre's Fed. R. Civ. P. 59(e) motion for prejudgment interest for an abuse of discretion. *Green Constr. Co. v. Kansas Power & Light Co.*, 1 F.3d 1005, 1010 (10th Cir. 1993); *U.S. Indus. Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1255 n.43 (10th Cir. 1988).

Because the jury award was based on Ms. Torre's Kansas state law breach of contract claim, the district court looked to Kansas law as the law of decision. *Torre V*, 906 F. Supp. at 618. *See Green Constr. Co.*, 1 F.3d at 1010 (applying Kansas law regarding prejudgment interest); *Touche Ross*, 854 F.2d at 1255 ("[S]tate law governs the award of prejudgment interest on state law claims that are pendent to a federal claim."). Under Kansas law, courts grant prejudgment

interest only on liquidated claims. *See* Kan. Stat. Ann. § 16-201 (1995); *Green Constr. Co.*, 1 F.3d at 1010. "'A claim becomes liquidated when both the amount due and the date on which it is due are fixed and certain, or when the same become definitely ascertainable by mathematical computation.'" *Green Constr. Co.*, 1 F.3d at 1010 (quoting *Plains Resources, Inc. v. Gable*, 682 P.2d 653, 657 (Kan. 1984)). In denying Ms. Torre's post-trial motion, the district court held the amount due on Ms. Torre's breach of contract claim was not liquidated until the court's entry of judgment on August 4, 1995, because until that time "the sum was in dispute" and "[t]here was no fixed [due] date." *Torre V*, 906 F. Supp. at 618.

On appeal, Ms. Torre simply states "[t]o provide interest on [the jury] verdict during the interim ten month period would serve to compensate Torre as the injured party and equities do not preclude the award." Even if that is the case, it remains true that under Kansas law the district court could not award Ms. Torre prejudgment interest until her claim was liquidated. *Green Constr. Co.*, 1 F.3d at 1010. Ms. Torre fails to argue the district court erred in finding her claim was not liquidated until its final judgment on August 4, 1995.[6] Accordingly, we

_____

[6] In her reply brief, Ms. Torre states she "is well aware of the decisional law requiring a claim to be liquidated before interest can run." She then asserts the district court should not have delayed entering judgment on the jury verdict until after the bench trial. However, Ms. Torre waived this argument by failing to make it in her opening brief. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d

-21-

presume that finding to be correct, *see Hein v. TechAmerica Group, Inc.*, 17 F.3d 1278, 1279 (10th Cir. 1994) (appellate court accepts as undisputed district court findings not expressly appealed), and therefore affirm the district court's refusal to grant prejudgment interest on Ms. Torre's breach of contract claim.[7]

979, 984 n.7 (10th Cir. 1994) (failure to raise an issue in the opening brief waives the issue).

[7] Throughout the course of her brief Ms. Torre continually complains the district court failed to find "undisputed facts," or mischaracterized or otherwise erroneously described the facts. *E.g.*, "Torre presented evidence that established an atmosphere of pervasive sexual bias"; "Torre's testimony that she received unreasonable price quotes on policies she quoted but did not sell was unopposed." She then sets forth what she alleges to be undisputed facts or the correct version of the facts. However, she consistently fails to provide cites to the record that support her factual claims of error. In such instances, Ms. Torre fails to carry her burden of proof. *See Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) (appellate court will not search the record to locate evidence supporting appellant's claims of error); *Securities Exchange Commission v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992) (appellant claiming factual error by the district court must provide the appellate court essential references to the record to carry appellant's burden of proving error).

Also, Ms. Torre makes additional allegations of error by the district court beyond those we consider in our opinion above. Usually, these charges consist of one or two sentences within Ms. Torre's discussion of another issue. Ms. Torre asserts the sufficiency of the evidence did not support the district court's findings, the court erred in allowing testimony by a particular witness, "the attorney client privilege should not have been applied by the court to the representations ReMine made to the Kansas Commission on Civil Rights," the district court erroneously substituted its business judgment for Federated's, and the court erred in refusing to allow Ms. Torre and a medical expert to testify regarding Ms. Torre's "emotional and physical damage of which Federated's failure to promote or transfer Torre was a major contributor." In each instance, Ms. Torre has failed to sufficiently present these claims for appellate review, and therefore we decline to address them. *See Murrell*, 43 F.3d at 1389 n.2; *Phillips v. Calhoun*, 956 F.2d 949, 953 (10th Cir. 1992) (a party must support its argument with legal authority).

We now direct our attention to Federated's cross-appeal. Federated appeals from the jury verdict on Ms. Torre's breach of contract claim and the district court's denial of Federated's post-trial motion for judgment as a matter of law. We review *de novo* the district court's denial of Federated's motion for judgment as a matter of law, applying the same standard used by the district court. *Haines v. Fisher*, 82 F.3d 1503, 1510 (10th Cir. 1996); *Clark v. Brien*, 59 F.3d 1082, 1086 (10th Cir. 1995), *cert. denied*, 116 S. Ct. 800 (1996). "It is appropriate for a trial court to enter judgment as a matter of law '[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'" *Mitchell v. Maynard*, 80 F.3d 1433, 1438 (10th Cir. 1996) (quoting Fed. R. Civ. P. 50(a)). "[T]he court must view the evidence and indulge all inferences in favor of the party opposing the motion and cannot weigh the evidence, consider the credibility of witnesses or substitute its judgment for that of the jury." *Lucas v. Dover Corp.*, 857 F.2d 1397, 1400 (10th Cir. 1988) (internal quotation marks omitted). "Under this standard, we may find error in the denial of such a motion only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion." *Haines*, 82 F.3d at 1510.

As previously noted, in Ms. Torre's breach of contract claim, she asserted Federated breached her employment contract by removing that portion of Shawnee County outside the city limits of Topeka from her sales territory. *Torre IV*, 1994 WL 541773, at \*1. The jury agreed with Ms. Torre that Federated breached her employment contract by decreasing her assigned sales territory, and awarded her past and future damages of $320,000. *Torre III*, 897 F. Supp. at 1329.

Federated first argues "it was entitled to judgment as a matter of law because ... Torre's employment agreement with Federated unambiguously gave Federated the right to unilaterally assign her territory 'from time to time.'" Federated asserts that because the contract was unambiguous in that regard, it was the district court's responsibility to ascertain the parties' contractual rights, not the jury's. *See Carland v. Metropolitan Life Ins. Co.*, 935 F.2d 1114, 1120 (10th Cir.) ("Only when ambiguity exists on the face of a contract is a question of fact presented."), *cert. denied*, 502 U.S. 1020 (1991). However, even if Federated is correct, the right to unilaterally *assign* sales territory is not necessarily the same as the right to unilaterally *reduce* assigned territory, which is what Federated did in the instant case. In that regard, we find the contract ambiguous. *See id.* (whether a contract is ambiguous is a matter of law). Because Ms. Torre's

-24-

employment contract did not unambiguously give Federated the right to reduce Ms. Torre's assigned territory, the district court did not err in refusing to grant Federated judgment as a matter of law on this asserted ground.

In its motion for judgment as a matter of law, Federated also argued Ms. Torre waived any right to contest, and was estopped from contesting, Federated's modification of her territory assignment by failing to raise the issue for three and a half years. See *Torre III*, 897 F. Supp. at 1329-30. The district court held Federated failed to argue waiver or estoppel in its pre-verdict motion for judgment as a matter of law, and therefore could not assert those theories in its post-verdict motion. *Torre III*, 897 F. Supp. at 1330-31.

A party may move for judgment as a matter of law "at any time before submission of the case to the jury." Fed. R. Civ. P. 50(a)(2). The motion "shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment." *Id.* A party that moved for judgment as a matter of law prior to the court's submission of the case to the jury, as Federated did, *Torre III*, 897 F. Supp. at 1330, may reassert its motion within ten days after entry of judgment. Fed. R. Civ. P. 50(b). "The post-verdict motion is actually a renewal of the earlier motion made at the close of the evidence." *Courtney v. Safelite*

*Glass Corp.*, 811 F. Supp. 1466, 1470-71 (D. Kan. 1992). "A post-trial motion for judgment can be granted only on grounds advanced in the pre-verdict motion." Fed. R. Civ. P. 50 advisory comm. note, 1991 amend.; *Anderson v. United Telephone Co.*, 933 F.2d 1500, 1503 (10th Cir.), *cert. denied*, 502 U.S. 940 (1991).

> Federated's pre-verdict motion for judgment was as follows:
>
> At this point, I move for [judgment as a matter of law] and I will not make an elongated argument. I know the Court is aware of the record and has been here and has had all of our briefs. I would suggest to you you've had a chance now to see the contract and the issues before us. I don't believe there's ambiguity about what happened. I believe it was a mistake and I don't believe there's sufficient evidence to go to the jury on that matter. I also believe that even if that is not the case, there's no evidence here that there was a breach of the contract with respect to the territory assignment correction that was provided to the plaintiff on the 14th of April, 1988, and so I would ask the Court at this time for [judgment as a matter of law] on the case.

Although "we liberally construe [pre-verdict motions for judgment], and do not require technical precision as long as the trial court is aware of the movant's position," *Aguinaga v. United Food & Commercial Workers Int'l Union*, 993 F.2d 1463, 1470 (10th Cir. 1993), *cert. denied*, 510 U.S. 1072 (1994), Federated has failed to satisfy even that standard. In its pre-verdict motion, Federated argues sufficiency of the evidence, and perhaps mutual mistake in formation. Federated

did not argue waiver or estoppel.  Federated's general reference to the record and the parties' briefs is insufficient to raise those claims. *See* Fed. R. Civ. P. 50 advisory comm. note, 1991 amend. ("The information required with the motion may be supplied by *explicit* reference to materials and argument previously supplied to the court."  (Emphasis added.)).  Our finding is further supported by review of Ms. Torre's response to Federated's pre-verdict motion.  She responds to Federated's sufficiency of the evidence and mutual mistake arguments; she makes no mention of waiver or estoppel.  Because we find Federated did not adequately present its waiver and estoppel claims in its pre-verdict motion, we affirm the district court's dismissal of these arguments.

We **AFFIRM** the appealed holdings of the district court.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge