NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,
Plaintiff,

v.

Huynh PHAM, Nhut Van Nguyen, as natural father and executor of the estate of Phung Thi Kin Nguyen, Chau Huyah, Heiu Nguyen, John Nguyen, Trang Nguyen, Tran Nguyen, Cuong Van, individually and d/b/a Fantasy Nails, and David and Company, Inc., Defendants.

No. CIV.A. 3:97CV64BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

June 5, 2000.

Walter C. Morrison, IV, Upshaw, Williams, Biggers, Beckham & Riddick, Jackson, MS, for plaintiff.

Wayne E. Ferrell, Jr., Wayne E. Ferrell, Jr., Attorney, Joseph W. McDowell, Clark, Scott & Streetman, William L. Colbert, Jr., Rhoden, Lacy, Downey & Colbert, Jackson, MS, for defendants.

### *OPINION AND ORDER*

BARBOUR, District Judge.

This cause is before the Court on the Motion of Nhut Van Nguyen, Phung Thi Kin Nguyen, Chau Huyah, Heiu Nguyen, John Nguyen, Trang Nguyen, and Tran Nguyen

("the Nguyens") for Reconsideration of the Court's April 19, 2000, Opinion and Order and Final Judgment. After considering the motion and the responses of Plaintiff Nationwide Mutual Fire Insurance Company ("Nationwide") and Defendant Hüynh Pham, the Court finds that the motion is not well taken and should be denied.

## I. Background

On April 19, 2000, the Court entered an Opinion and Order and Final Judgment whereby it granted Nationwide summary judgment on the Nguyens' counterclaim for bad faith denial of insurance benefits. The Court also granted Defendant Pham summary judgment on the Nguyens' cross-claim for civil conspiracy to defraud, which regarded the denial of insurance benefits. The Nguyens' now seek to have the Court overturn those decisions.

## II. Discussion

■ The Nguyens do not cite any procedural authority for their motion. However, under Rule 59(e) of the Federal Rules of Civil Procedure,[1] "[t]he court ... recognizes only three possible grounds for any motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D.Miss.1990)(citing *NRDC v. EPA*, 705 F.Supp. 698, 702 (D.D.C.1989), vacated on other grounds by 707 F.Supp. 3 (D.D.C. 1989)). *See also Russ v. International Paper Co.*, 943 F.2d 589, 593 (5th Cir.1991), *cert. denied*, 503 U.S. 987, 112 S.Ct. 1675, 118 L.Ed.2d 393 (1992); *F.D.I.C. v. Cage*, 810 F.Supp. 745, 747 (S.D.Miss.1993). Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the three grounds for such a motion. *Atkins*, 130 F.R.D. at 626, n. 1. "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway

the judge." *Id.* (citing *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D.Va.1977)).

■ As to the Court's grant of summary judgment on the Nguyens' counterclaim against Nationwide for bad faith, the Nguyens have raised several arguments, all of which either could have been raised previously, or were raised and rejected by the Court. None of the arguments raised in the Motion for Reconsideration are based upon evidence that was previously unavailable or any change in applicable law. Furthermore, based on the evidence and arguments presented to it initially, the Court made no mistake of law. The Nguyens have not even brought any possible mistake of law to the Court's attention. Finally, there is no manifest injustice to protect against.

■ The Court dismissed the Nguyens' counterclaim under the notice provision of the subject insurance policy. However, the Court also noted that there was a fact question as to whether the employee exclusion applied. The existence of such a fact question, in and of itself, is sufficient for the Court to hold that Nationwide had at least an arguable reason for denying the Nguyens' claim for benefits. The lack of an arguable reason for denial is an essential element to the Nguyens' bad faith claim, which they can not prove. *Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So.2d 620, 622 (Miss.1988); *see also Murphree v. Federal Ins. Co.*, 707 So.2d 523, 529 (Miss.1997); *Independent Life and Accident Insurance Co. v. Peavy*, 528 So.2d 1112, 1115 (Miss.1988). For all these reasons, the Court finds that the Nguyens' Motion for Reconsideration as to the dismissal of their counterclaim is merely a second attempt to "sway the judge," which is an improper use of a motion to reconsider, and the motion is accordingly denied. *Atkins*, 130 F.R.D. at 626.

■ The Court now addresses the Nguyens' motion to reconsider as it applies to the Court's dismissal of their cross-claim for conspiracy to defraud. The Court dismissed the cross-claim on Pham's motion for summary judgment due to the fact that, in response to

---

1. Rule 59(e) allows the Court to alter or amend its prior judgment.

that motion, the Nguyens filed only a "joinder," which the Court construed as a confession of the summary judgment motion.

The Nguyens now contend that their failure to respond to the motion was unintentional, and for that reason, they contend that the Court should reconsider its decision. They seem to contend that they were somehow misled by the language of the motion as to the purpose of the motion. The Court finds it disingenuous for the Nguyens to contend that they were somehow misled by the motion for summary judgment, because a mere cursory reading of the motion makes it clear that the motion for summary judgment was, at least in part, aimed at the Nguyens.

The Nguyens also point to language on page 9 of the Court's Opinion and Order by which the Court commented that the Nguyens were not involved in the summary judgment motion between Pham and Nationwide. Apparently, the Nguyens contend that the Court was also confused as to the Pham's motion, thereby lending credence to their argument that their oversight should be ignored. The Nguyens take the language out of context. Language on page 7 of the Opinion and Order shows that it was abundantly clear to the Court that Pham sought summary judgment against the Nguyens. Put simply, the Nguyens either misread, or completely failed to read, the motion for summary judgment that was served upon them, and now seek to raise a defense to the motion that they could have, and should have, raised previously.

Neglect in defending against Pham's motion for summary judgment is not a proper use for a motion for reconsideration under Rule 59(e). The only possibly applicable ground for a motion to reconsider is the "prevention of a manifest injustice" ground, but any injustice being suffered by the Nguyens is that of their own making. That fact, weighed with Pham's interest in finality in the termination of litigation against him, leads the Court to the conclusion that the Nguyens Motion for Reconsideration should be denied.

Based on the foregoing conclusions and in consideration of the applicable law, the Court finds that the Nguyens' have made an improper use of a motion to reconsider.

■ The Court has noticed a recent marked increase in the filings of motions to reconsider. The present motion, and the additional briefing it generated, unnecessarily caused the Court to deal with approximately 33 pages plus numerous exhibits. Rules 11(b) and (c) of the Federal Rules of Civil Procedure allow the Court to impose sanctions upon parties and their attorneys for the improper use of motions, and those sanctions may take the form of attorneys' fees and costs incurred by parties opposite in defending the motions. The publication of this Opinion and Order will advise the bar that the undersigned intends to begin issuing show cause orders as to why sanctions should not be imposed for improper filings of motions to reconsider.

### III. Conclusion

For all the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Nhut Van Nguyen, Phung Thi Kin Nguyen, Chau Huyah, Heiu Nguyen, John Nguyen, Trang Nguyen, and Tran Nguyen ("the Nguyens") for Reconsideration is hereby denied.

IT IS THEREFORE FURTHER ORDERED that, within 10 days of the date of this Opinion and Order, the Nguyens and their attorney shall show cause why sanctions should not be imposed pursuant to Rule 11 of the Federal Rules of Civil Procedure.