James L. Patison, Appellant,

v.

Carolyn A. Dye, Trustee, Appellee.

Nos. 00–56473, 00–56476, 00–56485, 00–56486.

D.C. Nos. CV–99–00710–AHS, CV–99–00850–AHS, CV–99–01122–AHS, CV–98–01032–AHS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2001.

Decided Jan. 9, 2002.

In re: DIXIE FARMS MARKET, Debtor,

James L. Patison; Law Offices of James L. Patison, a Professional Corporation, Appellants,

v.

Carolyn A. Dye, Trustee, Appellee.

In re: Dixie Farms Market, Debtor,

James L. Patison; John F. Shellabarger; Law Offices of John F. Shellabarger, Appellants,

v.

Carolyn A. Dye, Trustee, Appellee.

In re: Dixie Farms Market, Debtor,

James L. Patison; Law Offices of James L. Patison, a Professional Corporation, Appellants,

v.

Carolyn A. Dye, Trustee, Appellee.

In re: Dixie Farms Market, Debtor,

Before FERGUSON, T.G. NELSON, and W. FLETCHER, Circuit Judges.

## MEMORANDUM [*]

James Patison appeals the district court's decisions affirming the bankruptcy court's orders in four consolidated cases. Patison raises numerous claims challenging the bankruptcy court's orders (1) imposing sanctions for not properly serving a subpoena; (2) revoking Patison's employment as counsel for the unsecured creditors; (3) imposing sanctions for filing a frivolous motion to reconsider; and (4) granting summary judgment in favor of the Trustee and awarding punitive damages against Patison. We have jurisdiction to hear this appeal under 28 U.S.C. § 1291 and 28 U.S.C. § 158(d). We affirm the bankruptcy court as to all of its orders

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

except the order awarding punitive damages. We remand with instructions on the issue of punitive damages.

We review the district court's decision on an appeal from the bankruptcy court *de novo*.[1] We review the bankruptcy court's conclusions of law *de novo* and its factual findings for clear error.[2] Because the parties are familiar with the facts of this case, we do not recite them here.

## I. *Sanction for not Properly Serving Subpoenas*

■ The bankruptcy judge did not err in finding that Patison improperly served subpoenas by not serving deposition notices prior to serving the subpoenas. Federal Rule of Civil Procedure 30 states that if a subpoena is *to be served* on the person to be examined in a deposition, the notice of deposition must contain a list of the materials to be produced. The text "to be served" thus indicates that notice must precede service of a subpoena. In addition, there would be no need for the notice to list the documents to be produced if the notice followed the subpoena. In that case, the subpoena would already have disclosed the materials to be produced.

The advisory committee note to Rule 45 confirms our interpretation of Rule 30. The note states that the prior notice requirement in Rule 45 only applies to subpoenas that are not connected with a deposition because depositions are covered by Rule 30.[3] This language implies that the committee was not negating a prior notice requirement for deposition subpoenas, but was including that requirement within the Rule 30 notice of deposition requirement.

Therefore, a notice of deposition must be served prior to the service of a deposition subpoena. Because Patison failed to follow this procedure, the district court did not err when it sanctioned Patison.

For the reasons provided by the district court, we also hold that Patison was not denied due process when the bankruptcy judge imposed sanctions.

## II. *Revocation of Patison's Employment*

■ We do not need to decide if the court improperly proceeded by contested motion rather than by adversary proceeding for the disgorgement of fees. We will overturn the bankruptcy court's decision only if it did not afford the parties adequate procedural protections and if it failed to develop the record adequately.[4] Patison had the opportunity to respond to the Trustee's motion and to argue against the motion at a hearing. Full discovery was available to him under Federal Rule of Bankruptcy Procedure 9014. The record established that Patison had been awarded fees and detailed the amount of the fees. Thus, we conclude that the district court afforded Patison adequate procedural protections and adequately developed the record regarding the fees. Accordingly, we may not overturn the court's disgorgement order.

For the reasons stated by the district court, the bankruptcy court did not abuse its discretion in revoking Patison's employment. We also agree with the district court's reasoning regarding the timeliness of the motion to revoke Patison's employment.

1. *In re Turley*, 172 F.3d 671, 673 (9th Cir. 1999).

2. *In re Dudley*, 249 F.3d 1170, 1173 (9th Cir.2001).

3. Fed.R.Civ.P. 45 advisory committee note, 1991 Amendment.

4. *In re Boni*, 240 B.R. 381, 386 (9th Cir. BAP1999); *In re Laskin*, 222 B.R. 872, 874 (9th Cir.BAP1998).

■ The bankruptcy court did not abuse its discretion in denying Patison's continuance. Patison had more than the required minimum time between service of the motion and the hearing. He also was aware of the substance of the motion well before it was served because the Trustee had filed an almost identical motion two months earlier. He should have been able to file his opposition on time.

The court did not abuse its discretion in rejecting the majority of Patison's evidentiary objections. Any errors that did occur were harmless. The only evidence necessary to show Patison's conflict of interest, and thus support the court's revocation of the employment order, consisted of the transcript of the fee proceedings granting Patison his interim fees and the cancelled checks showing the amount of money that Patison took. The court correctly admitted that evidence because neither the transcript nor the statements in the transcript were inadmissable hearsay, and the checks were self-authenticating documents that satisfied the best evidence rule. Any other evidentiary errors were harmless because no other evidence was necessary to establish proof of Patison's theft.

The court did not abuse its discretion in denying Patison's motion for reconsideration because Patison did not present any newly discovered evidence or any proof of clear error or manifest injustice.[5]

### III. Sanctions for Frivolous Motion to Reconsider

For the reasons stated by the district court, the bankruptcy court did not err in finding that the Trustee satisfied the "safe harbor" provision of Federal Rule of Bankruptcy Procedure 9011.

■ The bankruptcy court did not abuse its discretion in awarding sanctions or in determining the amount awarded. Patison presented neither new evidence nor proof of clear error in his motion to reconsider. Thus, the bankruptcy court reasonably found the motion frivolous and awarded sanctions. As to the award, the judge calculated the fees herself based on the hours recorded by the law firm's computer system and the hourly rate of the lawyers. This, plus the costs, was a reasonable basis for the award. It was also reasonable to include within the sanction the fees for time spent preparing and arguing the motion for sanctions because they were incurred as a result of the frivolous motion for reconsideration.[6]

### IV. Grant of Summary Judgment and Award of Punitive Damages

Patison's evidentiary objections fail for the reasons stated by the district court. Patison's collateral estoppel argument fails as well because there is no evidence that the court relied on the doctrine of collateral estoppel. The court made separate findings of fact and conclusions of law in support of its summary judgment order, showing that it considered the matter separately from its decision regarding the employment revocation motion.

Patison's argument that no evidence supported the claims for relief fails for the reasons discussed by the district court.

We will not consider Patison's statute of limitations claims, other than for the post-petition transfer claim, because he did not

---

5. *School Dist. No. 1J, Multnomah County, Oregon v. ACandS Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993).

6. *Margolis v. Ryan,* 140 F.3d 850, 854–55 (9th Cir.1998) (allowing district court to include the costs associated with sanction proceedings in a Rule 11 sanction).

raise them before the bankruptcy court.[7] The one statute of limitations claim that Patison did raise before the bankruptcy court fails because the limitations period was equitably tolled. The court found that the Trustee was unable to discover the material facts of the fraud until August 20, 1998; thus equitable tolling until that date occurred. The Trustee filed suit within one year of the discovery date-well within the statute of limitations. Based on the evidence in the record of the Trustee's attempts to gain information from Patison, the court did not err in holding that the Trustee was diligent and that equitable tolling applied.

For the reasons stated by the district court, the bankruptcy court did not abuse its discretion in denying Patison's continuance.

■ The district court did err in affirming the bankruptcy court's order of punitive damages. The bankruptcy court did not require the Trustee to provide proof of Patison's wealth for damages awarded under state law. California requires that the plaintiff offer proof of the defendant's wealth for an award of punitive damages.[8] Federal law does not require such proof, and it is up to the defendant to offer such evidence if he wants the court to consider it.[9] The bankruptcy court awarded punitive damages under the conversion claim and the breach of fiduciary duty claim.

The conversion claim appeared to be a state law claim while the breach of fiduciary duty claim appeared to be based, at least in part, on federal law. Because it is unclear how much of the sum awarded as punitive damages was awarded pursuant to state law and how much pursuant to federal law, we must remand.[10]

On remand, the bankruptcy court must allocate the amount of punitive damages awarded under state law and the amount awarded under federal law. To the degree punitive damages are based on state law, the plaintiff must offer proof of the defendant's wealth. We note that the Trustee did attempt to gain information about Patison's wealth from Patison. Patison refused to comply with the Trustee's request because discovery had closed and he was under no obligation to produce further information. The court may wish to reopen discovery to allow the parties the opportunity to collect evidence of Patison's wealth in order to support a renewed motion for punitive damages under state law.

We affirm the district court with respect to everything except the punitive damages award. That award must be remanded to the bankruptcy court with instructions to allocate the amount of damages that pertained to state law claims and the amount that pertained to federal law claims. The state law punitive damages award must be dismissed unless the Trustee provides evi-

---

7. *Llamas v. Butte Cmty. Coll. Dist.*, 238 F.3d 1123, 1127–28 (9th Cir.2001) (holding that court will not consider issue on appeal that was not raised below unless it would result in manifest injustice, and there is no manifest injustice in refusing to review a claim if appellant fails to provide a reason for his failure to raise the issue below).

8. *Adams v. Murakami*, 54 Cal.3d 105, 119, 284 Cal.Rptr. 318, 813 P.2d 1348 (Cal.1991).

9. *Chavez v. Keat*, 34 Cal.App.4th 1406, 1410–11, 41 Cal.Rptr.2d 72 (Cal.App.1995); *Tri–*

*Tron Int'l v. Velto*, 525 F.2d 432, 438 (9th Cir.1975) (for federal law claim, holding that injured party does not have burden of proof to produce evidence of defendant's ability to pay).

10. *See Morgan v. Woessner*, 997 F.2d 1244, 1259 (9th Cir.1993) (remanding state law portion of punitive damages award for the purpose of reconsidering the award in light of the fact that plaintiff must provide evidence of defendant's financial worth).

dence of Patison's wealth. We leave up to the bankruptcy court the decision whether to reopen discovery for that purpose. Costs shall be awarded to the Appellee. AFFIRMED in part, REVERSED in part, and REMANDED with instructions.