**The ANDERSONS, INC., Plaintiff,**

v.

**CONSOL, INC., Defendant.**

**No. 3:00 CV 7290.**

United States District Court, N.D. Ohio, Western Division.

March 14, 2002.

Elizabeth J. Hall, Andersons, Inc., Maumee, OH, James R. Jeffery, Spengler Nathanson, Toledo, OH, for Plaintiff.

Brant T. Miller, Dickie, McCamey & Chilcote, Christopher J. Gagin, Dickie, McCamey & Chilcote, James R. Miller, Dickie, McCamey & Chilcote, Rodger L. Puz, Dickie, McCamey & Chilcote, Pittsburgh, PA, for Defendant.

## ORDER

CARR, District Judge.

Plaintiff The Andersons, Inc. brought this action against Defendant Consol, Inc. claiming breach of commitments and understandings, unjust enrichment, reasonable reliance, unconscionable conduct, and intentional and/or negligent misrepresentation. This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Pending is plaintiff's motion to alter/amend the judgment pursuant to Fed.R.Civ.P. 59(e) [1] based on this court's order granting defendant's motion for summary judgment on all of plaintiff's claims. For the following reasons, plaintiff's motion shall be denied.

## BACKGROUND

The factual background of this case has been recounted in this court's order issued on January 25, 2002. (Doc. 60). In that order, I granted defendant's motion for summary judgment on all of plaintiff's claims. Specifically relevant to the pending motion, I found no genuine issue of

1. Fed.R.Civ.P. 59(e) provides, "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

material fact existed as to an essential element of plaintiff's intentional and/or negligent misrepresentations claims. I found that, while a genuine issue of material fact may have existed as to whether defendant had a duty to disclose a fact, plaintiff could not prove any alleged misrepresentation or omission was material to the transaction.

Plaintiff now requests this court to alter or amend its ruling, arguing a genuine issue of material fact remains as to the materiality element of the intentional and/or negligent misrepresentation claims.

On March 5, 2002, I issued an order allowing plaintiff to withdraw its motion to alter or amend the judgment or face Rule 11 sanctions should I conclude the motion is without justification on consideration of the merits. (Doc. 64). Plaintiff filed a response to this order, arguing the motion properly was filed under Rule 59(e) to correct clear error or prevent manifest injustice. Plaintiff also argues, "Having filed this Motion and relying on the fact that such timely filing stayed the time for filing a Notice of Appeal, Plaintiff did not file a Notice of Appeal within thirty days of this Court's Order issued on January 25, 2002 requested by Fed. R.App. P. 4(a)(1)." (Doc. 65 at 3).

Based on plaintiff's response to my order, I will now review plaintiff's motion to alter or amend the judgment on the merits.

## DISCUSSION

### I. Reconsideration of the Intentional and/or Negligent Misrepresentation Claim

Plaintiff argues that I should reverse my order granting summary judgment on plaintiff's intentional and/or negligent misrepresentation claims because a genuine issue of material fact remains as to whether defendant's alleged misrepresentations or omissions were material to the transaction. Plaintiff contends,

> [T]he failure to disclose information on Defendant's initial public offering, the failure to disclose Defendant's insurance package with deductibles, misrepresenting that Defendant was "totally self-insured" when it was not, the failure to disclose that Defendant had received OT–5 approval for running railcars on U.S. railroads while insisting Plaintiff assume the responsibility to do so, and the failure to accept lease provisions similar to other rail equipment leases entered into by Defendant were critical to the lease transactions between Defendant and Plaintiff.

(Doc. 61 at 3–4).

Defendant first argues that plaintiff asserts nothing new in its motion. Defendant next argues that the alleged misrepresentations or omissions were not material but were "four isolated components in the parties' attempts to agree on a railcar lease." (Doc. 62 at 3). Defendant contends, "The alleged omission of CONSOL's IPO was not a term to the contract, but a *reason* that CONSOL insisted that certain terms of the lease— pertaining to default—be included." (*Id.*) (emphasis in original). Defendant alternatively argues that plaintiff cannot show it sustained damage proximately caused by the alleged misrepresentations or omissions.

"Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citations omitted) ("A motion under Rule 59(e) is not an opportunity to reargue a case."). Again, it is not an acceptable purpose of plaintiff's motion, which is simply a motion seeking to have me recon-

sider my prior ruling, to ask me to re-do that which I already have done:

> Although "motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal," they are "extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *In re August, 1993 Regular Grand Jury,* 854 F.Supp. 1403, 1406 (S.D.Ind.1994). To be sure, "a court can always take a second look" at a prior decision; but "it need not and should not do so in the vast majority of instances," especially where such motions "merely restyle or re-hash the initial issues." *Id.* at 1407. It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or "to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue." *Id.* at 1408. Where, as is the case with much of the instant motion, "[a party] views the law in a light contrary to that of this Court," its "proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit." *Dana Corp. v. United States,* 764 F.Supp. 482, 489 (N.D.Ohio 1991).

*McConocha v. Blue Cross & Blue Shield Mut. of Ohio,* 930 F.Supp. 1182, 1184 (N.D.Ohio 1996).

After reading plaintiff's briefs and comparing them to plaintiff's brief in opposition to summary judgment, I agree with defendant that plaintiff presents nothing different from the arguments presented in opposing the motion for summary judgment. While plaintiff's motion to alter or amend the judgment might go into greater detail and might present additional case law in support of their argument, plaintiff's argument remains exactly the same—a genuine issue of material fact exists as to whether any alleged misrepresentations or omissions were material. Plaintiff does not explain its failure to have cited the newly-referenced cases in its original brief. I am, in any event, unpersuaded that such details and case law require alteration of my previous order. Plaintiff, furthermore, cites no subsequent, additional facts that would require amendment of the order.

In my order granting defendant's motion for summary judgment, I specifically addressed the materiality issue and stated,

> Plaintiff has offered no evidence other than its bald conclusions that the negotiations would have been different but for defendant's alleged misrepresentations and that the alleged misrepresentations were relevant to the lease. Plaintiff's assertions do not prove the alleged misrepresentations were material to the transaction or that they affected the identity, value, or character of the subject matter of the lease.

(Doc. 60 at 21).

Plaintiff places much emphasis on the fact that I stated there may be a material issue of fact as to one element of an intentional and/or negligent misrepresentation claim. Because materiality is an essential element of an intentional and/or negligent misrepresentation claim, and because no genuine issue of material fact remains on materiality, plaintiff's claim must fail. The fact that a genuine issue of fact may remain on another element is irrelevant.

Plaintiff also places much emphasis on defendant's characterization of the alleged misrepresentations or omissions as "deal-breakers." A misrepresentation or omission, however, must be material to the party to whom it is made. *See* 50 OHIO JURISPRUDENCE 3D *What is Material* § 101 (1984) ("[T]he representations must have operated as an inducement to the making of the contract in question, that is, must have influenced *the mind of the party to*

*whom they are made* in making the contract or fixing its terms.") (footnote omitted) (emphasis added). It is unimportant whether or not the terms were essential to defendant. Plaintiff, again, offers nothing more than bald conclusions that the terms were material to any contract.

Plaintiff's motion to alter or amend the judgment entirely is based on the argument that the order was not in plaintiff's favor and plaintiff does not like it. Such an argument is the basis for an appeal, not a motion to alter or amend the judgment.

## II. Rule 11

The present motion was unnecessary. Plaintiff shall be granted leave to show cause why defendant should not be compensated under Fed.R.Civ.P. 11 for the attorneys' fees it incurred in responding to the instant motion.

It is time that lawyers who file unfounded motions for reconsideration, which is all this motion really is, and renew objections to rulings that have been preceded by consideration of the arguments they simply repeat in support of motions to reconsider, come to understand that there will be a cost to their doing so. A party that prevails on rulings should not have to invest resources in having those rulings reconfirmed.

## CONCLUSION

It is, therefore,

**ORDERED THAT**

1. Plaintiff's motion to alter or amend the judgment be, and hereby is, denied; and

2. Plaintiff shall appear before the undersigned on Friday, April 19, 2002, at 11:00 a.m., to show cause why plaintiff should not be sanctioned pursuant to Fed.R.Civ.P. 11; defendant to submit statement of fees and costs incurred in responding to plaintiff's motion to reconsider by April 10, 2002; hearing to be vacat-

ed if defendant certifies by April 19, 2002, that said statement has been paid by plaintiff.

**So ordered.**