**Richard MILLER, Plaintiff**

v.

**NORFOLK SOUTHERN RWY. CO., Defendant**

**No. 3:01CV7273.**

United States District Court, N.D. Ohio, Western Division.

May 2, 2002.

Howard M. Hackman, Law Office of Howard M. Hackman, Columbus, OH, for Richard Miller, Clyde Minks, Plaintiffs.

Jeffrey S. Berlin, Juan P. Morillo, Mark E. Martin, Sidley Austin Brown & Wood, Washington, DC, John B. Lewis, Baker & Hostetler, Michelle Warner Waller, Baker & Hostetler, Cleveland, OH, for Norfolk Southern Railway Company, Donald Bagley, Craig Edwards, John Farmer, Mark Macmahon, Phillip Ogden, Roy Rumsley, Gary Woods, Defendants.

John S. Kluznik, Sr., Weston, Hurd, Fallon, Paisley & Howley, Cleveland, OH, for Willian Hernan, Jr., Ronald Kerr, Defendants.

## ORDER

CARR, District Judge.

This is a suit by railway workers against their current employer, Norfolk Southern Railway Company. The plaintiffs formerly worked for Consolidated Rail Corporation (Conrail) before Conrail was acquired by the defendant and CSX Transportation Corporation. While employed by Conrail, the plaintiffs were represented by a union. As a result of pre-merger discussions with the defendant, the plaintiffs are not presently represented by a union.

Plaintiffs suit asserted claims under the federal Racketeering Influenced and Corrupt Organizations Statute, 18 U.S.C. § 1962 et seq., commonly known as RICO. For reasons expressed in an earlier opinion, I concluded, on lengthy and detailed consideration, that no viable RICO or other claim had been asserted. Defendant's motion for summary judgment was, accordingly, granted.

Thereafter, plaintiffs filed a motion to reconsider. On initial review of the motion, I concluded that it did not raise any argument that was not raised and considered in the order granting summary judgment. Nor did it appear to cite any new authority that could not have been called to my attention prior to my ruling on the motion for summary judgment. Accordingly, I granted leave to the plaintiffs to withdraw their motion to reconsider, and advised them if they did not do so, an order would issue for them to show cause why they should not be sanctioned under Fed. R. 11 for filing their motion. Plaintiffs not having withdrawn their motion, which subsequently was overruled as meritless, a hearing was set and held so that plaintiffs could show cause why sanctions should not be imposed.

For the reasons that follow, I conclude that the sanction of a reprimand shall be imposed.

■ As I have previously noted:

Although "motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal," they are "extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *In re August, 1993 Regular Grand Jury,* 854 F.Supp. 1403, 1406 (S.D.Ind.1994). To be sure, "a court can always take a second look" at a prior decision; but "it need not and should not do so in the vast majority of instances," especially where such motions "merely restyle or re-hash the initial issues." *Id.* at 1407. It is not the function of a motion to

reconsider either to renew arguments already considered and rejected by a court or "to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue." *Id.* at 1408. Where, as is the case with much of the instant motion, "defendant views the law in a light contrary to that of this Court," its "proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit." *Dana Corp. v. United States,* 764 F.Supp. 482, 489 (N.D.Ohio 1991).

*McConocha v. Blue Cross and Blue Shield Mut. of Ohio,* 930 F.Supp. 1182, 1184 (N.D.Ohio 1996).

█ The motion to reconsider filed in this case was not one of those rare or unusual motions that called my attention to an argument or controlling authority that had been overlooked or disregarded in the original ruling on defendant's motion for summary judgment, presented evidence or argument that could not previously have been submitted, or pointed out a manifest error of fact or law. Instead, and at best, the motion simply expressed disagreement with my decision, and treated, in effect, my ruling and order as though they were an opponent's brief, the rationale of which was subject to refutation, rather than, as a judicial order, acknowledgment.

The motion, accordingly, presented no basis on which it could, or should have been granted. It was, from the outset, an exercise in futility. But it still required a response from defendant and review and a ruling by me. As a result, the defendant's money and my time were wasted.

Under Rule 11(b) an attorney's signature on a pleading manifests his or her representation that:

(1) [the pleading] is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and]

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; . . . .

Pursuant to Rule 11(c), if the court, "after notice and a reasonable opportunity to respond, . . . determines that subdivision (b) has been violated, [it] may . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." Under Rule 11(c)(2) sanctions can include monetary sanctions, attorneys' fees, or "directives of a nonmonetary nature," though any sanction "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."

"Frivolous or legally unreasonable arguments," as Seventh Circuit recently noted in *Berwick Grain Co., Inc. v. Illinois Dept. of Agriculture,* 217 F.3d 502, 504 (7th Cir. 2000), "may incur penalty." For "Rule 11 purposes a frivolous argument is simply one that is 'baseless or made without a reasonable and competent inquiry.'" *Id.* (citing *Independent Lift Truck Builders Union v. NACCO Materials Handling Group, Inc.,* 202 F.3d 965, 969 (7th Cir. 2000)).

In *Allinder v. Inter–City Products Corp. (USA),* 152 F.3d 544, 552 (6th Cir.1998) (citations omitted), the Sixth Circuit, in the context of determining whether an appeal was frivolous, and thus exposed the appellant to the risk of sanctions, stated:

Although the term "frivolous" is not subject to a ready-made definition, generally "[a]n appeal is frivolous when the

result is obvious or when the appellant's argument is wholly without merit." Sanctions are appropriate where "the appeal was prosecuted with no reasonable expectation of altering the district court's judgment and for purposes of delay or harassment or out of sheer obstinacy."

■ Where a motion for reconsideration simply repeats the movant's earlier arguments, without showing that something material was overlooked or disregarded, presenting previously unavailable evidence or argument, or pointing to substantial error of fact or law, such motion is frivolous. *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir.1986) (Rule 59(e) motion "frivolous because it introduced nothing new"); *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 495 (S.D.Miss.2000); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 627 (S.D.Miss.1990); *In re Greco*, 113 B.R. 658 (D.Hawai'i 1990) ("motions for reconsideration which seek simply 'to relitigate old issues' are as a matter of law without merit and frivolous."). *See also In re Dixie Farms Market*, 28 Fed.Appx. 673, 2002 WL 24573 (9th Cir.2002) (unpublished) (imposition of sanctions not an abuse of discretion where movant presented "neither new evidence nor proof of clear error in his motion to reconsider.")

Like the court in *Nationwide*, I have "noticed a recent marked increase in the filings of motions to reconsider." Also like that court, I hope that "publication of this Opinion and Order will advise the bar that the undersigned intends to begin issuing show cause orders as to why sanctions should not be imposed for improper filings of motions to reconsider." 193 F.R.D. at 495. If publication of this order, and other measures I expect to take to inform counsel of this approach to meritless motions to reconsider do not stem the tide, then counsel who in the future file unfounded, un-merited, and unsuccessful motions for reconsideration simply because they disagree with a ruling, decision, or order should expect to be to be sanctioned to the full extent permitted under Rule 11 and 28 U.S.C. § 1927.

■ In this case and for now, however, I conclude that a public reprimand suffices. Although counsel for the plaintiff candidly acknowledged at the show cause hearing that he desired to give me an opportunity to take a second look at his motion, he also asserted that he was unaware that in doing so he would be running the risk of being sanctioned. He hoped, he stated, to convince me to deny the defendant's motion for summary judgment, and thereby avoid possible reversal on appeal.

That argument misses the point, which is that a trial court should not be called on to redo work that it did once, and believes that it did thoroughly and properly. Disappointed counsel might sincerely believe that the Court of Appeals might find the work not to have been done properly. But that does not justify making the trial court do the work again, unless it disregarded or overlooked a material argument or controlling authority in the original opinion, there is evidence that previously could not have been submitted, or there has been an intervening and controlling decision by a higher court, or the original order contains an indisputable and manifest error of fact or law. Absent such, unhappy counsel should present his objections to the Court of Appeals, rather than the trial court.

Under all the circumstances, I conclude that a public reprimand of counsel for the plaintiffs suffices as a sanction. This opinion stands as such reprimand.

In response to the motion for reconsideration, defendant has submitted a request for its fees and related expenses incurred in responding to the motion. I decline in

this instance to impose a monetary sanction. But I am unlikely to be reluctant to do so in future cases.

It is, therefore,

ORDERED THAT counsel for the plaintiffs be, and he hereby is reprimanded for his filing of a motion for reconsideration that on its face was without merit.

So ordered.