**Agnes M. WALKER, et al., Plaintiffs**

v.

**CONSECO SERVICES, LLC, Defendant**

**No. 3:02CV7245.**

United States District Court, N.D. Ohio, Western Division.

March 18, 2003.

Joseph P. Jordan, Toledo, OH, for Agnes M. Walker, Alice Puppos, Elaine Tello, Plaintiff.

Douglas J. Segerman, McFadden, Winner & Savage, James S. Savage, III, McFadden, Winner & Savage, Columbus, OH, Steven K. Huffer, Huffer & Weathers, Indianapolis, IN, for Conseco Services L.L.C., Defendant.

## ORDER

CARR, District Judge.

Plaintiffs Alice Puppos and Elaine Tello brought this action on behalf of Agnes M. Walker against defendant Conseco Senior Health Insurance Company ("Conseco") for benefits under a long-term care policy

that Walker held with Conseco. Parties cross-motioned for summary judgment. For reasons expressed in an earlier opinion, I granted defendant's motion for summary judgment on all of plaintiff's claims. Pending is plaintiffs' motion to reconsider. For the following reasons, plaintiffs' motion shall be denied.[1]

## BACKGROUND [2]

Under plaintiff Walker's original long-term care policy, Walker would receive long-term care insurance benefits if she moved into a "Long–Term Care Facility," such as a nursing home. The policy also included two riders. The first, titled "Alternative Plan of Care Rider," provided benefits to the insured for other types of long-term care other than nursing home confinement—such as home health care, adult day care, or hospice services—if the insured would have qualified for nursing home confinement and met other stated conditions. The other rider, titled "Assisted Living Facility Rider," provided benefits if the insured entered an "Assisted Living Facility" and met other stated conditions.

As explained in my previous order, Walker did not pay her premium by the renewal date. Her policy therefore lapsed on October 13, 1999. On December 1, 1999, Walker entered an assisted living facility. In January, 2001, plaintiff entered a nursing home. Because her insurance policy was terminated on October 13, 1999, Walker was accordingly not covered by long-term care insurance when she entered these facilities.

In their motion for summary judgment, plaintiffs asserted that Conseco was in violation of Ohio Revised Code § 3923.44 and Ohio Administrative Code § 3901–4–04. I found these provisions inapplicable to Walker's long-term care policy. Plaintiffs further argued that Walker was entitled to benefits under the terms of Walker's policy and that equity required Walker's policy be reinstated. Both of these claims were unavailing.

In their motion to reconsider, plaintiffs now claim that they also argued in their motion for summary judgment that Walker was entitled to benefits prior to the effective date of termination, October 13, 1999. This argument, however, was not discussed in their motion for summary judgment. Even if the theory were properly presented, however, defendant's motion for summary judgment was properly granted.

## DISCUSSION

In their motion to reconsider, plaintiffs argue that in their motion for summary judgment they argued that Walker was:

entitled to benefits under the policy prior to the effective date of termination, October 13, 1999 because she was unable to perform two or more activities of daily living without the hands on assistance of another person (in fact the affidavit of Elaine Tello show that she was unable to perform four (4) of the activities of daily living without the assistance of others) and that therefore under the terms of the policy she was entitled to

1. Normally, after a motion to reconsider has been filed and it does not appear to raise any argument that was not raised and considered in the order granting summary judgment, I grant leave to the moving party to withdraw their motion to reconsider. I also advise them that if they do not do so, and the motion is found meritless, an order would issue to show cause why they should not be sanc-

tioned under Fed. R. 11 for filing their motion. I am not following this procedure in this case, however, because I have notified defense counsel not to respond to this motion to reconsider.

2. The factual background of this case has been recounted in this court's order issued on February 12, 2002.

benefits. The Court's decision denying Plaintiff's Motion For Summary Judgment and granting Defendant's Motion for Summary Judgment does not address this issue.

Pl.'s Motion to Reconsideration at 1–2.

In their motion for summary judgment, however, plaintiffs only stated:

*Terms of the Policy*

Under the terms of the Policy, Plaintiff is entitled to receive benefits. Defendant claims that the policy was terminated October 13, 1999. However, Defendant admits the Policy remained in effect until sometime long thereafter (probably January 11, 2000 when it purportedly sent its last notice) and that it was terminated retroactively. The Policy provides for the payment of benefits if the policyholder is confined in an Assisted Living Facility. Agnes M. Walker entered an Assisted Living Facility on or about December 1, 1999. The Policy contains a limitation on eligibility requiring that the policyholder be able to perform "without the hands on assistance of another person" two or more of the activities of daily living. The Affidavit of Elaine Tello shows, in fact, that Agnes M. Walker was unable to perform (4) of the activities of daily living without the assistance of others.

Pl.'s Motion for Summary Judgment at 8.

In response to this argument, I wrote: In the alternative to their statutory and regulatory arguments, plaintiffs argue that Walker's policy did not terminate until at least January 11, 2000—the date Conseco sent the final overdue payment notice to Walker. Because Walker moved into an assisted living facility on December 1, 1999, and the policy provided for assisted living benefits, plaintiffs therefore argue that defendant owes Walker benefits for that time period. Defendant argues that the lapse notices and reinstatement offers on December 4, 1999, and January 11, 2000, were merely offers to reinstate Walker's policy on payment of her premium—not an extension of the contract.

Walker's policy specifically provides that a "grace period of 31 days is granted for the payment of each premium due after the first premium, during which time the Policy continues in force." The contract goes on to state: "If the Renewal Premium is not paid before the Grace Period ends, this Policy will lapse. Later acceptance of the premium by us . . . will reinstate the Policy."

Under the terms of Walker's policy, non-payment of a premium by the renewal date or thirty-one days thereafter, will terminate the policy. Because Walker did not pay before the renewal date or within the grace period, plaintiffs' motion is denied as to this claim.

Order Granting Defendant's Motion for Summary Judgment at 11–12.

Now, plaintiffs claim that the paragraph cited above also was an argument that Walker was due benefits prior to October 13, 1999.

For Walker to have been eligible for benefits prior to October 13, 1999, plaintiffs would have had to argue that, prior to October 13, 1999, either 1) Walker was living in a "Long Term Care Facility," 2) Walker was living in an "Assisted Living Facility," or 3) Walker was under an "Alternative Plan of Care."

Additionally, plaintiffs would have had to argue that Walker was under one of the above conditions for at least ninety days before October 13, 1999. Walker's policy states: "We will waive the payment of each premium coming due after benefits have been payable under this Policy for at least 90 continuous days."

It is undisputed that Walker did not enter a "Long Term Care Facility" or an

"Assisted Living Facility" before October 13, 1999. Thus, plaintiffs must be arguing that Walker was under an "Alternative Plan of Care" for at least ninety days before October 13, 1999. Therefore, her premium was waived, under the terms of the policy, and she is still covered and owed past-due payments.

Plaintiffs never made this argument in their motion for summary judgment. Plaintiffs never cited to the "Alternative Plan of Care Rider" or the "Waiver of Premium Benefit" clause. In fact, plaintiffs only cited to the "Assisted Living Facility" because it is clear from their brief for summary judgment that they were arguing Walker was due benefits under the "Assisted Living Facility Rider" for the period starting December 1, 1999.

■ Now, plaintiffs seem to argue that a vague and random sentence in Elaine Tello's affidavit somehow made the argument that Walker was due benefits prior to October 13, 1999. Tello stated:

> For some time prior to December 1, 1999, Agnes M. Walker had difficulty dealing with her bills and was confused. She fell often. As a result of her falling, she was unwilling and/or unable to take a tub bath or shower. Her bathing was limited to washing off. She was able to dress herself in a sense that she could put on her clothes, but she was unable to dress herself in an appropriate manner and always wore the same clothes. She was unable to remember to eat and consequently frequently went without meals. At approximately this time she became incontinent and required absorbent undergarments.

Tello Affidavit at ¶ 6.

Plaintiffs cannot seriously argue that Tello's statement "[f]or some time prior to December 1, 1999" was supposed to inform this court that plaintiffs were arguing Walker was eligible for "Alternative Plan of Care" benefits in mid-July, 1999, there-

by waiving her premium that was due on October 13, 1999. Under the terms of Walker's policy, Walker would have had to take several steps before she could receive "Alternative Care" benefits. A physician would have had to perform "tests as are in accordance with accepted medical standards of medical practice, and based on such tests, certify ... inability to perform two or more Activities for Daily Living." Walker would have had to initiate an "Alternative Plan of Care," written by a physician for Conseco to pre-approve. Finally, a Case Management Agency would have had to determine that Walker would "otherwise require nursing home confinement." None of this occurred, and plaintiffs never argued that it did.

■ As I noted in my order granting defendant's summary judgment, Walker's situation is most unfortunate. She applied for a long-term care policy before an Ohio regulation was enacted requiring insurance companies to notify third party designees when a long-term care policy was about to lapse. Nonetheless, as I have previously stated in several decisions:

> Although "motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal," they are "extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *In re August, 1993 Regular Grand Jury*, 854 F.Supp. 1403, 1406 (S.D.Ind.1994). To be sure, "a court can always take a second look" at a prior decision; but "it need not and should not do so in the vast majority of instances," especially where such motions "merely restyle or re-hash the initial issues." *Id.* at 1407. It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or "to proffer a new legal theory or new evidence to support a prior argu-

ment when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue." *Id.* at 1408. Where, as is the case with much of the instant motion, "[plaintiff] views the law in a light contrary to that of this Court," its "proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit." *Dana Corp. v. United States,* 764 F.Supp. 482, 489 (N.D.Ohio 1991).

*McConocha v. Blue Cross and Blue Shield Mut. of Ohio,* 930 F.Supp. 1182, 1184 (N.D.Ohio1996); *see also Miller v. Norfolk Southern Rwy. Co.,* 208 F.Supp.2d 851, 852–53 (N.D.Ohio 2002); *The Andersons, Inc. v. Consol, Inc.,* 221 F.Supp.2d 810, 812 (N.D.Ohio 2002).

In this motion to reconsider, plaintiffs proffer a new legal theory, and then they argue that I overlooked this theory in their motion for summary judgment. In reality, plaintiffs are attempting to turn a vague affidavit statement into a legal argument that they should have fully briefed in their motion for summary judgment. Nonetheless, even if plaintiffs had presented this theory in their motion for summary judgment, there is no evidence in the record to even create a genuine issue of material fact that Walker was eligible for benefits prior to October 13, 1999.

As I concluded in *Miller:*

[A] trial court should not be called on to redo work that it did once and believes that it did thoroughly and properly. Disappointed counsel might sincerely believe that the Court of Appeals might find the work not to have been done properly. But that does not justify making the trial court do the work again, unless it disregarded or overlooked a *material argument* or controlling authority in the original opinion, there is evidence that previously could not have been submitted or there has

been an intervening and controlling decision by a higher court, or the original order contains an indisputable and manifest error of fact or law. Absent such, unhappy counsel should present his objections to the Court of Appeals, rather than the trial court.

208 F.Supp.2d at 854 (emphasis added).

It is, therefore,

**ORDERED THAT**

Plaintiffs' motion for reconsideration be, and hereby is, denied.

So ordered.