**GREAT LAKES TOWING CO., Plaintiff**

v.

**Michael J. KORNMEIER, Defendant**

**No. 3:02CV7248.**

United States District Court, N.D. Ohio, Western Division.

Feb. 11, 2004.

---

Paul D. Galea, Foster, Meadows & Ballard, Detroit, MI, for Great Lakes Towing Company, Plaintiff.

George T. Fishback, Sachs Waldman, Detroit, MI, for Michael J. Kornmeier, Defendant.

## ORDER

CARR, District Judge.

This is a declaratory judgment action between the owner of a vessel and one of the vessel's former crewmembers, who was injured while working on the vessel. In a prior order, I determined that the crewmembers entitlement to continued maintenance and cure ended when he was found to be entitled to Social Security disability benefits.

Pending is the crewmember's motion under Fed.R.Civ.P. 60 for relief from judgment. That motion shall be granted in part and denied in part.

The motion shall be granted with regard to a mistake of fact: namely, to correct a misstatement in my original order (that the crewmember was receiving $300 monthly) to reflect the fact that he was receiving $300 weekly.

Otherwise the motion, which challenges the conclusion reached in my original order about the date of termination of entitlement to maintenance and cure, shall be denied. The crewmember's motion simply voices objections to my conclusion. It cites no cases in support of its contentions. It makes no new arguments, and presents no new evidence that could not have been presented prior to my order.

In addition, the motion is untimely, in that it was filed more than seven months after entry of my initial order. Though the motion was filed within thirty days of the entry of judgment, that fact does not, in my view, make it timely. The delay in submitting the motion required me to review the original order, in addition to the pleadings relating to the motion, as I had no independent recollection of the rationale on which that order and its conclusion was based. This unnecessary waste of time could have been avoided had the motion been presently more promptly.

The instant motion is simply a motion for reconsideration without being captioned as such. The sole error called to my attention was trivial and immaterial.

Nearly two years ago I published a decision in which I undertook to notify counsel that unsuccessful motions for reconsideration would be sanctioned under Fed. R.Civ.P. 11. *Miller v. Norfolk Southern Rwy. Co.,* 208 F.Supp.2d 851 (N.D.Ohio,

2002). In addition, I call attention to the potential consequences of filing unsuccessful motions for reconsideration on our court's website. *http:// www.ohnd.uscourts .gov/Judges/District/Carr_James_G_/Carr _Civil_Info_A/carr_civil_info_a.html* It is my routine custom and practice to suggest to counsel who have not previously appeared before me that they read the material in which that notice, along with other information about my handling of civil cases, is provided.

The hour I spent in reviewing the motion, my former order, and writing this order is an hour wasted for no useful purpose, and an hour taken from the several other matters awaiting my attention.

■ Counsel was, or certainly should have been on notice of the risk he took in filing the instant motion. He shall, accordingly, be sanctioned in the amount of $1,000 to compensate the vessel's owner for the fees and expenses incurred in responding to his motion. In view of the length and comprehensiveness of the response, I estimate that at least five hours had to be expended in reading the instant motion, reviewing the record and my original order, and researching and writing the response. Compensation at the rate of $200 appears to be minimally reasonable.

In the event, however, that the actual amount of the fee was less than $1,000, counsel for the owner shall so notify counsel for the crewmember within five days of the date of entry of this order. If so notified, counsel for the crewmember shall make such lesser payment to the vessel owner.

It is, therefore

ORDERED THAT:

1. Motion for relief from judgment granted in part and denied in part, as stated herein; and

2. Counsel for the movant be, and he hereby is sanctioned under Fed. R.Civ.P. 11 in the amount of $1,000 to compensate the vessel owner for the fees expended in responding to movant's substantially meritless motion; said sanction to be paid on or before March 1, 2004, to the owner of the vessel.

So ordered.